Pro Se Plaintiff
Crystal L. Cox
**(406) 624-9510**
PO Box 2027
Port Townsend, WA 98368

20 MAY 30 P

District of Massachusetts

Case Number Pending
Complaint / Jury Demand

Crystal L. Cox, Plaintiff
1 - 50 John and Jane Doe Plaintiffs

v.

Defendant(s)

SERVE:

**Defendant Jordan Rushie, personally and professionally**
Mulvihill and Rushie LLC
2424 E York St #316
Philadelphia, PA 19125

**Defendant Mulvihill and Rushie LLC**
2424 E York St #316
Philadelphia, PA 19125

**Defendant Roxanne Grinage, personally and professionally**
PO Box 22225
Philadelphia PA 19136

**Defendant Randazza Legal Group**
2 S. Biscayne Blvd
Suite Number 2600
Miami, FL 33131

**Defendant Marc J. Randazza, personally and professionally**
6525 W. Warm Springs Rd, Ste100
Las Vegas, NV 89118


**Defendant Greenberg Traurig**
333 SE 2nd Avenue
Suite 4400
Miami, FL 33131

**Defendant Proskauer Rose**
2255 Glades Rd
Boca Raton, FL 33431

**Defendant Matthew M. Triggs,** Personally and Professionally
2255 Glades Rd
Boca Raton, FL 33431

**Defendant WIPO, Peter L. Michaelson personally and professionally**
590 Madison Ave.
18th Floor
New York, New York 10022
And
15 Holly Tree Lane, Suite E
Rumson, New Jersey 07760-1950

**Defendant Kashmir Hill, personally and professionally,**
250 Montgomery Street, Suite 800
San Francisco, CA 94104

**Defendant WIPO, World Intellectual Property Organization**
34, chemin des Colombettes
P.O. Box 18
1211 Geneva 20
Switzerland

**Defendant Francis Gurry WIPO, personally and professionally**
34, chemin des Colombettes

P.O. Box 18
1211 Geneva 20
Switzerland

**Defendant Eric Wilbers WIPO, personally and professionally**
34, chemin des Colombettes
P.O. Box 18
1211 Geneva 20
Switzerland

**Defendant Tracy L. Coenen, personally and professionally**
111 East Wisconsin Avenue, Suite 1230
Milwaukee, WI 53202
414.727.2361 Phone

**Defendant Sequence Inc.**
111 East Wisconsin Avenue, Suite 1230
Milwaukee, WI 53202

**Defendant David Carr, personally and professionally**
The New York Times
620 Eighth Avenue
New York, NY 10018

**Defendant New York Times**
620 Eighth Avenue
New York, NY 10018

**Defendant Edward Kwakwa WIPO, personally and professionally**
34, chemin des Colombettes
P.O. Box 18
1211 Geneva 20
Switzerland

**Defendant Forbes Inc.,**
60 5thAvenue
New York, NY 10011
Phone: 212-620-2200
AND

West Coast Office:
250 Montgomery Street, Suite 800
San Francisco, CA 94104
Phone: 415 544 4800

**Defendant Kevin D. Padrick, personally and professionally**
Obsidian Finance Group, LLC
5 Centerpointe Dr.
Suite 590
Lake Oswego, Oregon 97035
**Defendant David S. Aman, personally and professionally**
1600 Pioneer Tower
888 SW Fifth Avenue
Portland Oregon 97204
Phone: 503.221.1440

**Defendant Steven Wilker, personally and professionally**
1600 Pioneer Tower
888 SW Fifth Avenue
Portland Oregon 97204
Phone: 503.221.1440

**Defendant Tonkon Torp Law Firm,**
1600 Pioneer Tower
888 SW Fifth Avenue
Portland Oregon 97204
Phone: 503.221.1440

**Defendant David Coursey, personally and professionally**
**Forbes Contributor**
**1528 Tamarisk Lane**
**Tracy, CA, 95377-8273**

**Defendant Bob Garfield, personally and professionally**
160 Varick St.
New York, NY 10013

**New York Public Radio**

160 Varick St.
New York, NY 10013
AND
New York Public Radio, On the Media,
wNYC, New York Public Radio
160 Varick St.
New York, NY 10013

**Defendant Jason M. Jones, personally and professionally**
The Salty Droid Blog
47 West Polk Street
Suite 100-293
Chicago, IL 60605-2085

**Defendant Multnomah County Sheriff Office**
501 SE Hawthorne Blvd., Suite 350

Portland, Oregon, 97214

**Defendant Daniel Staton, Sheriff**
501 SE Hawthorne Blvd., Suite 350

Portland, Oregon, 97214

**Defendant Marshall Ross, Senior Deputy, personally and professionally**
501 SE Hawthorne Blvd., Suite 350

Portland, Oregon, 97214

**Defendant Judge Gloria Navarro,**
Las Vegas Courts
333 Las Vegas Blvd. S.
Room 3071
Las Vegas , NV   89101

**Defendant Stephen Lamont**
P. Stephen Lamont
175 King Street
Armonk, N.Y. 10504

**Defendant Kenneth Rubenstein**

**Defendant Gregg Mashberg**
**Defendant Joseph Lecesse**
**Defendant Jenifer DeWolf Paine**
Eleven Times Square
(Eighth Avenue & 41st Street)
New York, NY 10036-8299

**Defendant Douglas Melamed, Intel**
2200 Mission College Blvd.
Santa Clara, CA 95054-1549

**Defendant Steven R. Rodgers Intel**
2200 Mission College Blvd.
Santa Clara, CA 95054-1549

**Defendant Warner Bros.**
4000 Warner Blvd
Burbank, CA 91522

**Defendant Bob Parsons Godaddy**
14455 N Hayden Rd #219
Scottsdale, AZ 85260

**Defendant Godaddy Inc.**
14455 N Hayden Rd #219
Scottsdale, AZ 85260

**Defendant Jessica Griffith**
Scottsdale Arizona

**Defendant Michael Whiteacre aKa Ari Bass**
Scottsdale, AZ 85260

**Defendant Ronald D. Green**
6525 W. Warm Springs Rd, Ste100
Las Vegas, NV 89118

**Defendant J. Malcom DeVoy**

6525 W. Warm Springs Rd, Ste100
Las Vegas, NV 89118

**Defendant Sean M. Tompkins**
San Antonio, TX 78023

**Defendant Manwin**
2300 West Empire Avenue, 7th Floor
Burbank, CA 91504

**Defendant Mark Bennett,** personally and professionally
735 Oxford Street,
Houston, Texas 77007

**Defendant Bennett and Bennett Law Firm**
735 Oxford Street,
Houston, Texas 77007

**Defendant Scott H. Greenfield**
1040 Avenue of the Americas
New York, NY 10018

**Defendant Eric Turkewitz**, personally and professionally
228 E 45th St
New York, NY 10017

**Defendant Turkewitz Law Firm**
228 E 45th St
New York, NY 10017

**Defendant Ellie Mystal**
611 Broadway
New York, NY 10012

**Defendant Breaking Media, Inc.**
611 Broadway
New York, NY 10012

**Defendant Sean Boushie**, personally and professionally,
 570 Grandview Drive

Stevensville, MT 59870

**Defendant University of Montana**
32 Campus Dr
Missoula, Montana 59812

**Defendant Martin Cain,** personally and professionally
Salisbury, Maryland 21801-6129

**Defendant Dylan Energy**
510 W College Ave
Salisbury, Maryland 21801-6129

**Defendant Steve Dowling**
California
APPLE

**Defendant Bruce Sewell**
California
APPLE

**Douglas D. Chey,** personally and professionally California
830 17th St
Santa Monica, CA

**Defendant Mark Vena,** personally and professionally,
3120 Scott Blvd.
Santa Clara, CA 95054

**Defendant David Wang,** personally and professionally,
3120 Scott Blvd.
Santa Clara, CA 95054

**Defendant Synaptics**
3120 Scott Blvd.
Santa Clara, CA 95054

**Defendant Free Speech Coalition**
P.O. Box 10480

Canoga Park, CA 91309

**Defendant Diana Duke,** Personally and Professionally,
**Defendant Free Speech Coalition**
P.O. Box 10480
Canoga Park, CA 91309

**1-500 John and Jane Doe Defendant(s)**

# Cause of Action

1.)  Defamation - 28:1332 Diversity - Libel, Assault, Slander

2.)  Malpractice, Personal Injury Due to Malpractice.    22 USC § 2702 - Malpractice
Protection, 10 USC § 1054 - Defense of certain suits arising   out of Legal Malpractice

3.)  Civil Conspiracy. 42 USC § 1985 - Conspiracy to interfere with Civil Rights, Title 18,
U.S.C., Title 18, U.S.C., Section 241 Conspiracy Against Rights, Title 18, U.S.C., Section
242 Deprivation of Rights Under Color of Law.

4.)   Duty of Care; Breach of Duty, Negligence Tort, Professional Negligence

5.)    18 USC § 1512 - Tampering with a witness, victim, or an informant

6.)  Tortious Interference with Business,  Violation of Civil Rights (42 USC §1983 Cases)

7.)   Anti-Trust Laws, Competition Laws, the Sherman Act, Clayton Act, Antitrust
Procedures and Penalties Act ("APPA" or "Tunney Act")

8.)  18:1964, Racketeering (RICO) Act / 27:1332ri, Racketeering / Corrupt Organization

**Notice:** This case has merit, this case has actual damage caused by Defendants against

Plaintiff. Plaintiff asks this court to not simply dismiss based on her Pro Se Status, and if complaint is not clear to court, Plaintiff Requests this court to appoint Plaintiff Counsel under U.S.C. Code. Plaintiff's Civil and Constitutional rights have clearly been violated by Defendants.

## I. INTRODUCTION

1. **Defendant Marc J. Randazza** Specifically Injured Plaintiff by first being Plaintiff's counsel, then taking private, personal information of his former client and using against his former client to ruin her business, her life, retaliate against her and to defame her in civil conspiracy with other named defendants.

Upon Knowledge and Belief, Defendant Marc J. Randazza is guilty of Malpractice, Defamation, Civil Conspiracy, Negligence, Breach of Duty, and has caused Plaintiff injury, harm; In which Plaintiff is entitled to relief.

Upon Knowledge and Belief, Defendant Arizona Attorney Marc J. Randazza knowingly lied to judges, WIPO, media and more regarding having a Trademark on Randazza Legal Group and on the name Marc J. Randazza, yet Defendant WIPO, Defendant Judge Gloria Navarro, Defendant Godaddy Inc., and other Defendants simply took massive online media and intellection property from Plaintiff Crystal Cox. This involved Godaddy, and Arizona Company and Arizona Lawyer Defendant Marc J. Randazza.

Defendant Marc J. Randazza conspired to harm Plaintiff, acting with Defendant David Aman and Defendant Kevin Padrick in the court case Obsidian v. Cox to sabotage the Ninth Circuit appeal of that case and to use privileged information and parts of emails to entrap, defame and commit specific injury to Plaintiff Crystal Cox.

Defendant Marc J. Randazza has conspired to harm and threatened Cox with Defendant Ari Bass, Defendant Sean Tompkins, Defendant Free Speech Coalition, Defendant Greenberg Traurig, and other Defendants.

Defendant Marc J. Randazza has lied to federal judges and in WIPO complaints and has caused the specific harm of loss of massive online media, intellectual property, domain names and business of Plaintiff. The District of Arizona should take serious interest in this matter as Godaddy, an Arizona corporation has aided and abetted the actions of Arizona attorney Defendant Marc J. Randazza in violating the rights of Plaintiff. These actions have caused Plaintiff massive stress, targeted her as to receiving massive online hate, ruined her online business, wiped out years of content and online media, put her in danger, and has painted a world wide picture of Plaintiff in the media which is NOT trueful.

Defendant Marc J. Randazza must be stopped from abusing his power as an attorney and destroying the lives of whomever he chooses with total disregard for the law.

2. Upon Knowledge and Belief, Defendant Greenberg Traurig was involved in the iViewit technology theft. Marc J. Randazza controls attorney Ronald Green of Randazza legal group, and upon knowledge and belief hired Ronald Green in conspiracy with Greenberg Traurig to directly sabotage iViewit founder Eliot Bernstein and Plaintiff Crystal Cox and thereby suppress the story of the biggest technology theft in the world.  Defendant Randazza sued both Cox and Bernstein in order to steal, shut down online media in which exposed Greenberg Traurig's role in the theft of the iViewit Video technology.  Defendant Greenberg Traurig conspired with Marc Randazza and Defendant Randazza Legal Group in a way that directly brought harm to Plaintiff Crystal Cox.

3.  Defendant Bob Parsons Godaddy, Defendant Jessica Griffith, Defendant GoDaddy Inc. caused the specific injury of loss of online media, loss of business, loss of income, loss of intellectual property, and acted in civil conspiracy upon the stated word of Defendant Marc Randazza and Defendant Ronald Green.

4. Defendant Free Speech Coalition, Defendant Diana Duke have conspired with Defendant Michael Whiteacre aKa Ari Bass, Defendant Sean M. Tompkins to threaten, defame, gang stalk, launch hate campaigns to suppress the online media of Plaintiff and her sources Diana Grandmason aKa Desi Foxx, Monica Foster aKa Alexandria Melody.

5.  Defendant David Wang, Defendant Synaptics were part of a company called Silicon Graphics, in which was involved in the iViewit Technology theft.  Defendant Mark Vena is connected to Defendant Michael Whiteacre aKa Ari Bass, Defendant Sean M. Tompkins, Defendant J. Malcom DeVoy and Defendant Randazza Legal Group. Both connections to iViewit and to Porn Industry attorneys, prostitution rings, porn moves through vivid and other connections have motivated Defendant David Wang, Defendant Synaptics, Defendant Mark Vena to conspire with Plaintiffs to intimidate Plaintiff Crystal Cox, threaten her sources, defame her, ruin her reputation and interfere with her business.

6. Upon Knowledge and Belief,  Defendant Michael Whiteacre aKa Ari Bass, Defendant Sean M. Tompkins have conspired to harm and defame Plaintiff and have upon knowledge and belief threatened Plaintiffs sources, and hacked into their emails.

7.  Defendant WIPO, Peter L. Michaelson, have conspired with Defendant Randazza and other Defendants to steal intellectual property, destroy massive online content, delete websites and defame Plaintiff Cox in worldwide publications.

8.  Defendant Kashmir Hill, Defendant Forbes Inc., along with Defendant Kevin Padrick, knowingly stated false statements to a third party regarding Cox and specifically injured Plaintiff Crystal Cox.

9.  Defendant WIPO, World Intellectual Property Organization, Defendant Francis Gurry,

Defendant Eric Wilbers, Defendant Edward Kwakwa, Defendant Steven R. Rodgers Intel conspired with Defendant Michaelson and Defendant Randazza to cause specific injury to Plaintiff Cox, such as defamation, loss of business, reputation damage, negligence..

10.  Douglas D. Chey of Hewlett Packard, formerly of SONY, conspired with Defendants to defame Plaintiff Cox and to spread false information regarding the iViewit Technology that was stolen, in part by Doug Chey and the MovieLink, MovieFly Project. Defendant Doug Chey, upon knowledge and belief has conspired with defendants to discredit the iViewit technology theft story in whatever means necessary.

11. Defendant Tracy L. Coenen, Defendant Sequence Inc. has posted false and defamatory information regarding Plaintiff, in conjunction with other Defendants. This has caused specific injury to Plaintiff Cox.

12.  Defendant Bruce Sewell, Defendant Steve Dowling, have conspired with Defendant Defendant Roxanne Grinage and Defendant Marc Randazza to discredit the iViewit Technology theft story.

13. Upon Knowledge and Belief,  Defendant David Carr, Defendant New York Times has posted false and defamatory information regarding Plaintiff, in conjunction with other Defendants. This has caused specific injury to Plaintiff Cox.

14. Upon Knowledge and Belief, Defendant Martin Cain, Defendant Dylan Energy has conspired with Defendant Marc Randazza to defame, threaten and intimidate Plaintiff Cox. Defendant Martin Cain, Defendant Dylan Energy has falsified information to government agencies and has torturiously interfered with Plaintiff's ability to do business, with Plaintiff's Clients and has stated false and defamatory information to private parties and government entities regarding Plaintiff Crystal Cox. Defendant Martin Cain, Defendant Dylan Energy has caused Plaintiff Cox damage in Which Cox is entitled to relief.

15. Defendant Kevin D. Padrick, in connection with Defendant Kashmir Hill, Defendant Forbes Inc., and Defendant David S. Aman has falsely stated that Cox was under investigation by the Oregon Attorney General and has Painted Cox in false light and is liable for the specific damage caused to Cox.

16.  Defendant Sean Boushie, Defendant University of Montana has conspired with  Defendant Kevin D. Padrick, Defendant David S. Aman, Defendant Tonkon Torp, Defendant Marc J. Randazza and other defendants to defame Plaintiff and to threaten her, intimidate her, make false statements to a third party regarding Cox and has caused Plaintiff Cox injury.

17.  Defendant Judge Marco Hernandez conspired with Defendant Kevin D. Padrick, Defendant David S. Aman, Defendant Tonkon Torp, Defendant Marc J. Randazza in stating false information to a third party concerning Cox and painting a picture, flat out stating that Plaintiff Cox

was guilty of the crime of extortion, in which Plaintiff Cox was not on trial for nor under investigation for. Defendants have caused specific harm and are liable for the injury they have caused Plaintiff Cox.

18. Upon Knowledge and Belief, Defendant Steven Wilker,  Defendant Tonkon Torp Law Firm, Defendant Kevin D. Padrick, Defendant David S. Aman have worked in conjunction with Defendant Multnomah County Sheriff Office, Defendant Marshall Ross, and Defendant Daniel Staton to steal the right to appeal from Plaintiff Crystal Cox, as an asset.

19.  Defendant Mark Bennett, Defendant Bennett and Bennett Law Firm, Defendant Scott H. Greenfield, Defendant Eric Turkewitz, Defendant Turkewitz Law Firm, Defendant Jordan Rushie, Defendant Mulvihill and Rushie LLC, Defendant David Coursey,  Defendant Bob Garfield, New York Public Radio, Defendant Ellie Mystal, Defendant Breaking Media, Inc. have acted in conspiracy to Paint Plaintiff in false light and are part of an online hate campaign to defame Plaintiff and create the Illusion that Plaintiff Cox was on trial for the crime of extortion and convicted of such, which is not true and has caused massive injury to Plaintiff, in which Plaintiff is entitled to relief.

20.   Defendant Proskauer Rose, Defendant Kenneth Rubenstein, Defendant Gregg Mashberg Defendant Joseph Lecesse, Defendant Jenifer DeWolf Paine,

21. Defendant Jason M. Jones has conspired with other other Defendants to Defame Cox, and has emailed, intimidated Plaintiff Cox and threatened he would take action against her if she did not stand down on her Ninth Circuit Appeal of Obsidian v. Cox.

22.  Defendant Judge Gloria Navarro has acted in conspiracy with Defendant Greenberg Traurig, Randazza Legal Group, Defendant Marc Randazza, Defendant Ronald Green in order to wipe out massive online content, steal domain names, remove search engine results and allow Randazza to lie about trademarks he does not have and without First Amendment Adjudication, wipe out massive intellectual property owned, created by Plaintiff. This has caused Plaintiff Injury and Plaintiff is allowed relief. Defendant Judge Gloria Navarro has accused Plaintiff Cox of being guilty of criminal activity in which Plaintiff Cox was in a civil litigation and not criminal and was denied all rights to due process by Defendant Judge Gloria Navarro.

23.  Upon Knowledge and Belief,  Defendant Stephen Lamont has conspired with Defendant Sean Boushie and other defendants to incite hate against Plaintiff Cox, spread false and defamatory statements and has caused Plaintiff Injury.

24.  Defendant Manwin  has conspired with Defendant Randazza Legal Group, Marc J. Randazza, Godaddy and other Defendants to use the courts to create a precedence to steal domain names in mass. As Manwin also has seized domain names with the same exact wordingas Randazza Legal Group and working in conjunction with Randazza Legal Group, and all without First Amendment Adjudication.

## JURISDICTION AND VENUE

Defendant Randazza Legal Group is a Massachusetts Law Firm and Defendant Marc J. Randazza is a Massachusetts Attorney.

This Court has subject-matter jurisdiction of this cause  because this civil action arises under Civil Rights Violation under U.S Code, Defamation - 28:1332 Diversity-Libel,Assault,Slander, Malpractice, Negligence Tort, 18 USC § 1512 - Tampering with a witness, victim, or an informant, the First Amendment of the U.S Constitution,  Tortious Interference with Business, and U.S Anti-Trust Laws.

Massachusetts Law Firms, Attorneys, Individuals and Corporations acting under Massachusetts law have specifically targeted Plaintiff and are acting under Massachusetts law, therefore this court is proper.

Plaintiff appears in this action **"In Propria Persona"** and moves this court to proceed in Forma Pauperis, Plaintiff has attached a motion to proceed in Forma Pauperis.

This action arises as a result of Defendant(s) violation of Plaintiff's constitutional rights and, accordingly, this Court has subject matter jurisdiction under 28 U.S.C. 1331, 1343, and 1367, as well as 42 U.S.C. 1983.

This action arises as a result of Defendant(s) violation of Plaintiff's Civil Rights, Constitutional Rights and alleged conspiracy among media, reporters, radios, attorneys and law firms in which do business in Massachusetts.

These Massachusetts attorneys, law firms, individuals have caused Plaintiff injury and have violated the Civil Rights and Constitutional rights of Plaintiff Crystal L. Cox.

## Factual Allegations

The Following is stated Upon the knowledge and belief of Plaintiff Crystal Cox:

Plaintiff appears in this action "In Propria Persona" and asks that her points and authorities relied upon herein, and issues raised herein, must be addressed "on the merits" and not simply on her Pro Se Status.

On November 30th 2011, Plaintiff Cox had a one day trial, and was issued a judgement against her for Defamation, in the amount of $2.5 Million Dollars, the Case was District of Oregon

3:11-cv-00057-HZ, Obsidian Finance Group v. Crystal Cox.

On approx., December 7th, 2011 Defendant Kashmir Hill, a Forbes Reporter, interviewed Defendant Kevin Padrick, the Plaintiff in that case, and Published false and defamatory statements to a third party concerning Plaintiff Crystal Cox.

After this time, multiple publications around the world reposted these same false and defamatory statements to a third party concerning Plaintiff Crystal Cox.

Approx. December 10th, 2011 Defendant David Carr interviewed Plaintiff Cox and Defendant Kevin Padrick, and on December 11, 2011, Defendant David Carr published a New York Times Article titled, "When Truth Survives Free Speech". Defendant David Carr referred to the false and defamatory statements previously made by Defendant Kashmir Hill in Forbes.

Defendant David Carr insinuated that Plaintiff Cox was guilty of extorting Defendant Padrick. Defendant David Carr posted these statements with knowledge of the facts, as Defendant David Carr interviewed Plaintiff Cox and knew that Cox claimed the email was in response to what attorney Defendant David Aman had sent her. Yet Defendant David Aman lied to Defendant David Carr and Defendant Carr believed Aman over Plaintiff Cox, though the facts were easy to see when the emails were read in context. It is an easily PROVEN fact that Plaintiff Cox sent that eMail in reply to an email from Defendant David Aman, an email threatening a lawsuit. And an email sent after that threat was put into action in a 10 Million Dollar Defamation Lawsuit.

Approx. March 30th, 2012, Defendant Marc Randazza began publishing false and defamatory statements to a third party concerning Plaintiff Crystal Cox, attacking a 3 year old online. Defendant Kashmir Hill then interviewed, spoke with Defendant Marc Randazza and published these same false and defamatory statements to a third party concerning Plaintiff Crystal Cox.

On April 2nd 2012, Defendant Kashmir Hill began publishing false and defamatory statements to a third party concerning Plaintiff Crystal Cox, attacking a 3 year old. Plaintiff Crystal Cox had no blog about a 3 year old, made no statements online about this three year old, yet Defendant Kashmir Hill knowingly posted false and defamatory information regarding Plaintiff Cox.

Defendant Jordan Rushie, Defendant Mulvihill and Rushie LLC published false and defamatory statements to a third party concerning Cox, in an article on Philly Law Blow, by Jordan Rushie, Titled " The Evolution of Crystal Cox: Anatomy of a Scammer", dated, April 3rd 2012. Defendant Jordan Rushie posted false and defamatory statements regarding Cox being guilty of extortion and attacking a three year old.

On April 6th 2012, Defendant Bob Garfield interviewed Defendant Marc Randazza on Defendant wNYC, Defendant New York Public Radio. The show was called "COMBATING "BAD" SPEECH WITH MORE SPEECH", Dated, April 06, 2012. Defendant On the Media, as Exhibits show.

Defendant Bob Garfield and Defendant Marc Randazza stated false and defamatory, slanderous statements to a third party concerning Plaintiff Cox. Defendant Bob Garfield and Defendant Marc Randazza accused Plaintiff Cox of attacking a child online, of being guilty of extortion, and all manner of unethical and criminal activity. These false and defamatory statements to a third party concerning Plaintiff Cox in this world wide medium of communication has caused Plaintiff Cox immeasurable, irreparable damage.

On Jun 18th 2012, Defendant Marc Randazza filed a Czech court complaint against Plaintiff Cox and Eliot Bernstein, to initiate a domain name dispute. In this case, Defendant Marc Randazza stated false and defamatory statements to a third party concerning Plaintiff Cox. Defendant Marc Randazza used Defendant Kashmir Hill, Defendant Jordan Rushie and Defendant David Carr's false and defamatory statements as his evidence to steal the intellectual property of Plaintiff Cox.

On July 27th 2012, Defendant Marc Randazza filed a WIPO complaint against Plaintiff Cox and Eliot Bernstein, to initiate a domain name dispute. In this case, Defendant Marc Randazza stated false and defamatory statements to a third party concerning Plaintiff Cox. Defendant Marc Randazza used Defendant Kashmir Hill, Defendant Jordan Rushie and Defendant David Carr's false and defamatory statements as his evidence to steal the intellectual property of Plaintiff Cox. Defendant Marc Randazza also stated to third party WIPO that Plaintiff Cox was guilty of Extortion and had also extorted him, yet attorney Defendant Marc Randazza had filed no criminal charges against Cox nor allowed her due process of law.

On November, 28, 2012 Defendant Marc Randazza filed a legal action against Plaintiff Cox in the District of Nevada. Defendant Randazza's attorney of record in this case is Ronald D. Green of Randazza Legal Group, the case number is District of Nevada Case 2:12-cv-02040-GMN-PAL. In this legal action, a third party, Defendant Marc Randazza, Cox's former attorney stated that Plaintiff Cox had extorted him and gave the false and defamatory statements of Defendants as his evidence.

Defendant Marc Randazza did not file criminal charges with the "authorities. Nor did Defendant Randazza file charges with the attorney general or any other body of authority, regarding his allegations that Plaintiff Cox had extorted him, was guilty of extortion or had been in a prior case where Cox was found guilty of extortion. Defendant Marc Randazza, an attorney, would certainly know how to file criminal charges. Defendant Marc Randazza violated the rights of his former client, Plaintiff Cox in not filing charges and allowing Cox due process of law. Instead, this well known attorney used world renowned media outlets such as Forbes, the New York Times and NPR, and an international, highly reputable publication put out by WIPO as his court of law, judge and jury and simply pronounced that Plaintiff Crystal Cox was guilty of extortion.

As did Defendant Kashmir Hill, Defendant David Carr, Defendant David Aman, Defendant Kevin Padrick and John and Jane Doe Defendants.

Defendant Marc Randazza used the false and defamatory statements in Forbes and the New York Times made by Defendant Kashmir Hill and Defendant David Carr, as well as the false and defamatory statements made by attorney Defendant Jordan Rushie, as PROOF, evidence in a federal court case, that Plaintiff Cox had acted in "bad faith", had extorted him, and had attacked his child. Judge Gloria Navarro called this evidence "legal commentary" though it was false and defamatory statements made by Defendants to a third party concerning Plaintiff Cox. Consequently Plaintiff Cox lost massive online content, blogs and domain names simply due to the false and defamatory statements of defendants used by Judge Gloria Navarro as factual evidence.

On Nov. 30th 2011, Defendant Peter L. Michaelson, Sole WIPO Panelist, published false and defamatory statements to a third party concerning Plaintiff Cox And Eliot Bernstein in a WIPO publication, which has a widespread, international reader base. Defendant Peter L. Michaelson quoted Defendant David Carr's defamatory and false statements made to a third party concerning Plaintiff and used Defendant Carr and Defendant Hill's false and defamatory statement as evidence against Plaintiff Cox in seizing domain names belonging to her and to Bernstein. Defendant Peter L. Michaelson took the stated word of Defendant Marc Randazza and published these false and defamatory statements to a third party. Defendant WIPO and Defendant Peter L. Michaelson accused Plaintiff Cox of the Crime of Extortion, of which is a false and defamatory statement to a third party, concerning Plaintiff Cox.

After Defendant Peter L. Michaelson's false and defamatory statements to a third party concerning Plaintiff Cox  And Eliot Bernstein were published in an International WIPO complaint, Defendant Marc Randazza via his attorney Ronald D. Green of Randazza Legal Group, at this point, used these false and defamatory statements to a third party concerning Plaintiff Cox to further harm, harass, defame and retaliate against Plaintiff Cox, even though Defendant Randazza was the one who made the Statements to WIPO in the first place.  At this point the statements in the WIPO publication made by Defendant Peter L. Michaelson of Defendant WIPO BECAME official evidence and proof in Defendant Randazza's case against Plaintiff Cox and Eliot Bernstein (District of Nevada Case 2:12-cv-02040-GMN-PAL).

Next, Judge Gloria Navarro used the "evidence", "legal commentary" and slough of false and defamatory statements as justification to give massive domain names and intellectual property to Defendant Marc Randazza in a preliminary injunction. This wiped out thousands of links, wiped out the search engine ranking of Plaintiff Cox, deleted massive amounts of content that Cox had created online, and damaged her intellectual property and online media. This action by a federal judge also caused a  backlash of defamation, harassment, retaliation and loss of reputation, clients, friends and family (caused HARM to Plaintiff Cox).

Defendant Marc Randazza submitted false and defamatory statements by third parties  into District of Nevada Case 2:12-cv-02040-GMN-PAL as factual evidence against Cox. Judge Gloria Navarro gave Defendant Marc Randazza the property of Plaintiff Cox without First Amendment

Adjudication, without due process of law based on the false and defamatory statements of Defendants in this case.

**Plaintiff appears in this action "In Propria Persona" and asks that her points and authorities relied upon herein, and issues raised herein, must be addressed "on the merits" and not simply on her Pro Se Status.**

Oftentimes courts do not take Pro Se Litigants serious. I, Plaintiff Crystal Cox wish to be taken serious and to not have my allegation dismissed.

"Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings." Plaskey v CIA, 953 F .2nd 25. The Court granted such leniency, or "liberal construction," to pro se pleadings against the backdrop of Conley v. Gibson's undemanding "no set of facts" standard. ( See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."), abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-63 (2007). This standard epitomized the notice-pleading regime envisioned by the drafters of the Federal Rules, who emphasized discovery as the stage at which a claim's true merit would come to light, rather than pleading. See Christopher M. Fairman, The Myth of Notice Pleading, 45 ARIZ. L. REV. 987, 990 (2003) ("With merits determination as the goal, the Federal Rules create a new procedural system that massively deemphasizes the role of pleadings.").

The Court's failure to explain how pro se pleadings are to be liberally construed. ( See Bacharach & Entzeroth, supra note 7, at 29-30 (asserting that because the Supreme Court never defined the "degree of relaxation" afforded pro se pleadings in comparison to the liberal notice pleading standard applicable to all litigants, lower courts adopted different iterations of the rule). ~ .. indicates its belief that the standard was already lenient enough to render a detailed articulation of the practice unnecessary to prevent premature dismissal  of meritorious cases. However, with Bell Atlantic Corp. v. Twombly ( 550 U.S. 544 (2007). and Ashcroft v. Iqbal ( 129 S. Ct. 1937 (2009) retiring the "no set of facts" standard and ratifying the means by which lower courts dismissed more disfavored cases under Conley, ( See generally Richard L. Marcus, The Revival of Fact Pleading Under the Federal Rules of Civil Procedure, 86 COLUM. L. REV. 433, 435-37 (1986) (explaining how the reemergence of fact pleading resulted from lower courts' refusals to accept conclusory allegations as sufficient under the Federal Rules in particular categories of suits).

.. liberal construction as presently practiced is not—if it ever was—sufficient to protect pro se litigants' access to courts. The new plausibility standard ( See Twombly, 550 U.S. at 570 (requiring a complaint to allege "enough facts to state a claim to relief that is plausible on its face").. with which courts now determine the adequacy of complaints disproportionately harms pro se litigants. ( See Patricia W. Hatamyar, The Tao of Pleading: Do Twombly and Iqbal Matter Empirically?, 59 AM. U. L. REV. 553, 615 (2010) (observing a substantially greater increase in the rate of dismissal of pro se suits than represented suits post-Iqbal).

"Pro se complaint[s], 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers. ( Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)).

HAINES v. KERNER, ET AL. 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652. Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944).

ESTELLE, CORRECTIONS DIRECTOR, ET AL. v. GAMBLE 29 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251. We now consider whether respondent's complaint states a cognizable 1983 claim. The handwritten pro se document is to be liberally construed. As the Court unanimously held in Haines v. Kerner, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

BALDWIN COUNTY WELCOME CENTER v. BROWN 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196, 52 U.S.L.W. 3751. Rule 8(f) provides that " pleadings shall be so construed as to do substantial justice." We frequently have stated that pro se pleadings are to be given a liberal construction.

HUGHES v. ROWE ET AL. 449 U.S. 5, 101 S. Ct. 173, 66 L. Ed. 2d 163, 49 U.S.L.W. 3346. Petitioner's complaint, like most prisoner complaints filed in the Northern District of

Illinois, was not prepared by counsel. It is settled law that the allegations of such a complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972). See also Maclin v. Paulson, 627 F.2d 83, 86 (CA7 1980); French v. Heyne, 547 F.2d 994, 996 (CA7 1976). Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines, supra, at 520-521. And, of course, the allegations of the complaint are generally taken as true for purposes of a motion to dismiss. Cruz v. Beto, 405 U.S. 319, 322 (1972).

Both the right to proceed pro se and liberal pleading standards reflect the modern civil legal system's emphasis on protecting access to courts. ( See, e.g., Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) ("Few issues . . . are more significant than pleading standards, which are the key that opens access to courts."); Drew A. Swank, In Defense of Rules and Roles: The Need to Curb Extreme Forms of Pro Se Assistance and Accommodation in Litigation, 54 AM. U. L. REV. 1537, 1546 (2005) (noting that "[o]pen access to the courts for all citizens" is one of the principles upon which the right to prosecute one's own case is founded).

**Self-representation has firm roots in the notion that all individuals, no matter their status or wealth, are entitled to air grievances for which they may be entitled to relief.** ( See Swank, supra note 1, at 1546 (discussing the importance of self-representation to the fundamental precept of equality before the law).

Access, then, must not be contingent upon retaining counsel, lest the entitlement become a mere privilege denied to certain segments of society. Similarly, because pleading is the gateway by which litigants access federal courts, the drafters of the Federal Rules of Civil Procedure purposefully eschewed strict sufficiency standards. ( See Proceedings of the Institute on Federal Rules (1938) (statement of Edgar Tolman), reprinted in RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS OF THE UNITED STATES 301-13 (William W. Dawson ed., 1938).

In their place, the drafters instituted a regime in which a complaint quite easily entitled its author to discovery in order to prevent dismissal of cases before litigants have had an adequate opportunity to demonstrate their merit. ( See Mark Herrmann, James M. Beck & Stephen B. Burbank, Debate, Plausible Denial: Should Congress Overrule Twombly and Iqbal? 158 U. PA. L. REV. PENNUMBRA 141, 148 (2009), (Burbank, Rebuttal) (asserting that the drafters of the Federal Rules objected to a technical pleading regime because it would "too often cut[] off adjudication on the merits").



Recognizing that transsubstantive pleading standards do not sufficiently account for the capability differential between represented and unrepresented litigants, the Supreme Court fashioned a rule of special solicitude for pro se pleadings. ( See Robert Bacharach & Lyn Entzeroth, Judicial Advocacy in Pro Se Litigation: A Return to Neutrality, 42 IND. L.REV. 19, 22-26 (2009) (noting that courts created ways to ensure that meritorious pro se suits would not be dismissed simply because the litigants lacked legal knowledge and experience, one of which was liberal construction).

Far from just articulating a common systemic value, though, the right to prosecute one's own case without assistance of counsel in fact depends significantly upon liberal pleading standards. ( Cf. Charles E. Clark, The New Federal Rules of Civil Procedure: The Last Phase— Underlying Philosophy Embodied in Some of the Basic Provisions of the New Procedure, 23 A.B.A. J. 976, 976-77 (1937) (commenting that liberal pleading rules were necessary to mitigate information asymmetries between plaintiffs and defendants that often led to premature dismissal of suits).

Notably, in no suits are such information asymmetries more apparent than those in which pro se litigants sue represented adversaries. These types of suits comprise the vast majority in which pro se litigants appear. Cf. Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 FORDHAM URB. L.J. 305, 323 (showing that the majority of pro se cases involve unrepresented plaintiffs who sue governmental defendants).

Plaintiff appears in this action **"In Propria Persona"** and asks that her points and authorities relied upon herein, and issues raised herein, must be addressed **"on the merits"**, Sanders v United States, 373 US 1, at 16, 17 (1963); and addressed with "clarity and particularity", McCleskey v Zant, 111 S. Ct. 1454, at 1470-71 (1991); and afforded " a full and fair" evidentiary hearing, Townsend v Sain, 372 U.S.293, at p.1 (1962). See also Pickering v Pennsylvania Railroad Co., 151 F.2d 240 (3d Cir. 1945).

Pleadings of the Plaintiff SHALL NOT BE dismissed for lack of form or failure of process.

All the pleadings are as any reasonable man/woman would understand, and: "And be it further enacted. That no summons, writ, declaration, return, process, judgment, or other proceedings in civil cases in any of the courts or the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and

matter in law shall appear unto them, without regarding any imperfections, defects or want of form in such writ, declaration, or other pleading, returns process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof.

And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and **may at any, time, permit either of the parties to amend any defect in the process of pleadings upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe (a)"** *Judiciary Act of September 24, 1789*, Section 342, FIRST CONGRESS, Sess. 1, ch. 20, 1789.

## General Allegation / Background

I, Plaintiff Crystal L. Cox re-allege, and fully incorporate all previous paragraphs..

I, Plaintiff Crystal L. Cox Allege as Follows upon my knowledge and belief;

**False and Defamatory Statements were, without a doubt, made by Defendants to a Third Party Concerning Plaintiff and have caused Plaintiff Crystal Cox harm. Therefore Plaintiff Cox is entitled to recovery.**

## False and Defamatory Statements, Plaintiff Cox alleges;

**False and Defamatory Statements made by Defendant Kashmir Hill, Defendant Forbes Inc. to a third party concerning Plaintiff Cox.**

Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox by Defendant Hill, Defendant Forbes.

**Defendant Kashmir Hill, Defendant Forbes stated;**

"Cox was unable to make much headway in ruining his Google search results with her

domain-name buying and blogging. So she moved on to Randazza's family members who did not have much online content associated with their names. She bought the domain name for Marc's wife, Jennifer Randazza (and has already started dominating <u>her first page of Google results</u> with her hyperbolic posts). When Randazza still wouldn't buy her services Cox moved on to a younger member of the family."

Defendant Kashmir Hill, Defendant Forbes has posted this false and defamatory statement to third parties concerning Plaintiff Cox. Defendant Kashmir Hill, Defendant Forbes has no way to prove this statement true, as Plaintiff Cox was never attempting to ruining Defendant Marc Randazza's "Google Search". Plaintiff Cox was fighting back, as she was being attacked by Defendant Marc Randazza and numerous attorney blogger attacking her reputation online, defaming her, harassing her and threatening her. Plaintiff Cox was exercising her right to Free Speech and criticizing Defendant Marc Randazza. Plaintiff Cox, never posted information regarding Defendant Marc Randazza or anyone else and asked for money to remove it. This NEVER happened, in any way, EVER.  Plaintiff Cox never threatened that if Defendant Marc Randazza did not buy her services, she would retaliate, and move on to a "younger member of the family". Plaintiff Cox never had a blog regarding a "younger member" of the family.  Plaintiff Cox has ever First Amendment right to criticize Jennifer Randazza.

Defendant Kashmir Hill, Defendant Forbes published the above false and defamatory statement to third parties concerning Plaintiff Cox with total disregard for the truth, and seemingly, no fact checking whatsoever.

**Defendant Kashmir Hill, Defendant Forbes stated;**

"Cox is an outlier. Her tactics are extreme ones. But we do now live in a world where money can be made from ruining reputations and then offering to fix them. In the business world there is RipOffReport.com, a site that hosts negative reviews of businesses and offers a paid "ambassador program" to those businesses to help them improve the reviews on the site. There's also a series of sites that dig up people's mug shots from public records and post them so that they appear in those people's search results; they then offer to take them down for a fee.

How do we draw the line between speech rights and digital forms of extortion? It is not a new question for us in the Internet age, but it remains an unanswered one."

Defendant Kashmir Hill, Defendant Forbes insinuates unlawful "tactics" that do not exist nor has Plaintiff Cox ever been under investigation or convicted of such tactics.

False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox by Defendant Kashmir Hill, Defendant Kevin Padrick

"Cox contacted Obsidian and offered them "reputation services." Padrick sent along a copy of an email that Cox sent to his attorney:

### David Aman

| | |
|---|---|
| **From:** | Crystal L. Cox [savvybroker@yahoo.com] |
| **Sent:** | Wednesday, January 19, 2011 2:23 PM |
| **To:** | David Aman |
| **Subject:** | From Crystal L. Cox |

Hello David, I hope this eMail finds you doing well. All said and done, looks like Summit boys going to and Well I don't think that Kevin acted with the Highest of Integrity.. however at this Point in my Life it i to Think of Me.

So I want to Let you know and Obsidian Finance that I am now offering PR Services and Search Engine Management Services starting at $2500 a month to promote Law Firms... Finance Companies.. and to pro online reputations and promote businesses..

Please Let me know if Tonkon Torp or Obsidian Finance is interested in this service..

thanks for your time..

In Love and Light



Crystal L. Cox
Investigative Blogger
Real Estate Broker Owner -

**After a failed attempt to get the Oregon Attorney General to investigate Cox, Obsidian filed a defamation case in January 2011,"**

Upon knowledge and belief of Plaintiff Crystal Cox, Defendant Kevin Padrick, made false and defamatory statements to third party, Defendant Kashmir Hill, Defendant Forbes

regarding Plaintiff Crystal Cox and an Oregon Attorney General Investigation.

Defendant Kashmir Hill, Defendant Forbes then made false and defamatory statements concerning Plaintiff Cox being investigated by the Oregon Attorney General to a third party. This has caused irreparable harm, stress, and global retaliation against Plaintiff Cox. And has thereby put her under constant attacks, harassment, threats and retaliation and has ruined her life. Each day or week, a new online media source picks up the information from the false and defamatory statements to third party, Defendant Kashmir Hill, Defendant Forbes concerning Plaintiff Crystal Cox

Upon knowledge and belief of Plaintiff Crystal Cox, Defendant (attorney) Kevin Padrick, made false and defamatory statements to third party, Defendant Kashmir Hill, Defendant Forbes regarding Plaintiff Crystal Cox allegedly offering "reputation services" to him, through his attorney, Defendant David Aman. Defendant Kevin Padrick sent a partial eMail, in false light to entrap Plaintiff Crystal Cox for the crime of extortion, there were 5 emails and the email shown above was a direct RESPONSE from Plaintiff Cox in regard to a communication FROM Defendant Kevin Padrick's attorney Defendant David Aman. And the above partial eMail was sent a month after a legal threat communication, and after a 10 million dollar lawsuit was filed against Plaintiff Crystal Cox. The eMail was a private communication between counsel, as Plaintiff Crystal Cox was acting in her Pro Se manner and Defendant David Aman was the attorney of record for Defendant Kevin Padrick in this manner.

The email had the following Tonkon Torp, David S. Aman Disclaimer, of which Plaintiff Crystal Cox believed and relied on in her RESPONSE to Defendant David Aman's communication:

"The information contained in this e-mail message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited. If any portion of this communication is interpreted as providing federal tax advice, Treasury Regulations require that we inform you that we neither intended nor wrote this communication for you to use in avoiding federal tax penalties that the IRS may attempt to impose and that you may not use it for such purpose. If you think you have received this e-mail message in error, please e-mail the sender at david.aman@tonkon.com"

Defendant David Aman did not treat the emails with care, confidentiality, nor protect them from disclosure. Defendant David Aman mislead Plaintiff Crystal Cox, and used partial,