UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRYSTAL L. COX, ET AL.,          )
          Plaintiffs,            )
                                 )        C.A. NO. 13-11308-PBS
          v.                     )
                                 )
JORDAN RUSHIE, ET AL.,           )
          Defendants.            )

**MEMORANDUM AND ORDER**

June 18, 2013

SARIS, C.D.J.

## I.  Introduction

On May 30, 2013, plaintiff Crystal L. Cox ("Cox"), a
resident of Port Townsend, Washington and a self-proclaimed
"Anti-Corruption Blogger" filed, on behalf of herself and 1-50
John and Jane Doe plaintiffs,[1] a sweeping 201-page complaint
against a number of individuals and entities located in
Pennsylvania, Florida, Nevada, New Jersey, California,
Switzerland, Wisconsin, New York, Oregon, Illinois, Arizona,
Texas, Montana, and Maryland.  She also listed as defendants 1-

---

[1]     Cox sets forth in the caption of her complaint that the
plaintiffs include herself and John and Jane Does 1-50.  Those
plaintiffs have not signed the complaint nor indicated any
intention to prosecute claims in this action.  To the extent that
Cox seeks to represent their interests, she may not do so in this
Court because she is not a duly-licensed attorney admitted to
practice in this Court.  Section 1654 of Title 28 of the United
States Code does not allow unlicenced lay-people to represent
other individuals.  See Feliciano v. DuBois, 846 F. Supp. 1033,
1039 (D. Mass. 1994); Eagle Assocs. v. Bank of Montreal, 926 F.2d
1305, 1308 (2d Cir. 1991); 28 U.S.C. § 1654.  Further, the Local
Rules of this Court prohibit such representation.  See Local Rule
83.5.3(c).

500 unidentified John and Jane Does.[2]

Apart from defendants Marc Randazza ("Randazza") and
Randazza Legal Group ("RLG"), none of the other listed defendants
appear to be located in Massachusetts.  Cox alleges, however,
that Randazza's location is in Las Vegas, Nevada, and the RLG is
located in Miami, Florida.  In contravention to those
descriptions, however, Cox alleges further into her complaint
that RLG is a Massachusetts Law Firm and Randazza is a
Massachusetts attorney.  She contends that (unspecified) law
firms, attorneys, individuals and corporations acting under

---

[2]     The defendants named in the complaint include:
(1)Jordan Rushie; (2) Mulvihill and Rushie LLC; (3) Roxanne
Grinage; (4) Randazza Legal Group; (5) Marc J. Randazza; (6)
Greenberg Traurig; (7) Proskauer Rose; (8) Matthew M. Triggs; (9)
Peter L. Michaelson; (10) Kashmir Hill; (11) World Intellectual
Property Organization (Switzerland); (12) Francis Gurry; (13)
Eric Wilbers; (14) Tracy L. Coenen; (15) Sequence Inc.; (16)
David Carr; (17) New York Times; (18) Edward Kwakwa; (19) Forbes,
Inc.; (20) Kevin D. Padrick; (21) David S. Aman; (22) Steven
Wilker; (23) Tonkin Torp Law Firm; (24) David Coursey; (25) Bob
Garfield; (26) New York Public Radio; (27) Jason M. Jones; (28)
Multnomah County Sheriff Office; (29) Daniel Staton, Sheriff;
(30) Marshall Ross, Senior Deputy; (31) Judge Gloria Navarro;
(32) Stephen Lamont; (33) Gregg Mashberg; (34) Joseph Lecesse;
(35) Jenifer DeWolf Paine; (36) Douglas Melamed; (37) Steven R.
Rodgers; (38) Warner Bros.; (39) Bob Parsons Godaddy; (40)
Goddaddy Inc.; (41) Jessica Griffith; (42) Michael Whiteacre
a/k/a Ari Bass; (43) Ronald D. Green; (44) Malcolm DeVoy; (45)
Sean M. Tompkins; (46) Manwin Mark Bennett; (47) Bennett and
Bennet Law Firm; (48) Scott H. Greenfield; (49) Eric Turkewitz;
(50) Turkewitz Law Firm; (51) Ellie Mystal; (52) Breaking Media,
Inc.; (53) Sean Boushie; (54) University of Montana; (55) Martin
Cain; (56) Dylan Energy; (57) Steve Dowling; (58) Bruce Sewell;
(59) Douglas Chey; (60) Mark Vena; (61) David Wang; (63)
Synaptics; (64) Free Speech Coalition; (65) Diana Duke; and 1-500
John and Jane Doe defendants.

Massachusetts law have targeted her.[3]

Cox alleges diversity jurisdiction over her state-law claims of libel, assault, slander, breach of duty of care, and negligence. She also alleges legal malpractice in connection with the defense of certain suits. Additionally, she alleges civil conspiracy under 42 U.S.C. § 1985 and conspiracy to interfere with civil rights and deprivation of rights under 18 U.S.C. §§ 241, 242, as well as tortious interference with business, violations of 42 U.S.C. § 1983, and, *inter alia*, violations of RICO and anti-trust laws. She requests this Court liberally construe her *pro se* complaint, and also to appoint counsel for her if her complaint is not clear. Much of her complaint contains argument and case law in support of her assertion that her case should not be dismissed because of the fact that she is proceeding *pro se*.

Notably, within the past six months or so, Cox has filed a number of law suits making related allegations and/or naming many of the same defendants as in this action. See Cox v. Randazza, et al., 2:13-cv-00297-MMD-VCF (D. Nev (Las Vegas))(filed Feb. 24, 2013); Cox v. Hill et al., 4:13-cv-02046 (N.D. Ca. (Oakland)) (filed May 2, 2013); Cox v. Godaddy, et al., 2:13-cv-00962-MEA (D. Ariz.(Phoenix Division))(filed May 8, 2013); Cox v.

---

[3]  In another lawsuit filed by Cox on May 14, 2013 in the District of New York, she alleged that Randazza was a Nevada resident. Cox v. Carr, et al., 1:13-cv-03257-LAP (Docket No. 2).

<u>Michaelson, et al.</u>, 3:13-cv-03136-AET-DEA (D. N.J.(Trenton)))
(filed May 9, 2013); <u>Cox v. Coenen, et al.</u>, 2:13-cv-00534 (E.D.
Wisc.(Milwaukee))(filed May 13, 2013); <u>Cox v Coenen, et al.</u>,
1:13-cv-03633 (N.D. Ill.(Chicago))(filed May 14, 2013); <u>Cox v
Carr, et al.</u>, 2:13-cv-00938-APG-GWF (D. Nev.(Las Vegas))(filed
May 28, 2013)(transferred from the Southern District of New York,
<u>see</u> 1:13-cv-03257-LAP).[4]

     The complaint is not entirely intelligible or organized.  It
is set forth in rambling narrative rather than in paragraph form,
is repetitive, and contains bald allegations of defamation and
conspiracy.  Interspersed in the complaint are copies of e-mail
correspondence.  From what can be gleaned from the complaint and
public records, the relevant background is as follows.

     In 2011, Cox was the defendant in a lawsuit in the United
States District Court for the District of Oregon.  <u>See</u> <u>Obsidian
Finance Group, LLC, et al. v Cox</u>, 3:11-cv-00057-HZ (D. Or.
(Portland)).  In that action, Obsidian Finance Group LLC ("OFG")

---

     [4]     Additionally, Cox was a defendant in the case <u>Randazza,
et al. v. Cox, et al.</u>, 2:12-cv-02040-GMN-PAL (D. Nev (Las Vegas)
(filed Nov. 28, 2012).  Cox also filed an antitrust suit against
parties not named in this action, and included 1-5000 unnamed
defendants.  <u>See</u> <u>Cox v. National Association of Realtors, et al.</u>,
3:13-05364-BHS (W.D. Wash. (Tacoma))(filed May 14,
2013)(antitrust action).  Further, she has filed other multi-
defendant suits.  <u>See</u> <u>Cox v. Bank of America, N.A., et al.</u>, 1:12-
cv-00998-CAP (N.D. Ga. (Atlanta))(filed March 23, 2013); <u>Cox, et
al. v. Curry, et al.</u>, 9:13-cv-00089-DWM-JCL (D. Mont.
(Missoula))(filed May 7, 2013).

and Kevin D. Padrick ("Padrick") alleged that Cox defamed them,
causing them to incur substantial financial injury.
Specifically, they claimed that in Cox's numerous blog posts and
websites, she stated that Padrick and OFG had engaged in, *inter
alia*, tax fraud, bribery, and money laundering.  A jury trial was
held before District Judge Marco A. Hernandez, and on November
29, 2011, the jury returned a verdict for plaintiffs.  They
awarded $1,000,000.00 to OFG and $1,500,000.00 to Padrick.
Thereafter, Judge Hernandez denied Cox's motion for a new trial.
See Obsidian Finance Group, LLC v. Cox, 2012 WL 1065484 (D. Or.
Nov. 29, 2011).  Cox's appeals are pending.  See Nos. 12-35238
and 12-25319 (9th Cir. 2012).  Apparently, the watershed moment
in that case was Judge Hernandez's ruling that Cox, an internet
blogger, failed to produce any evidence suggestive of her status
as a journalist.  Thus, she was not deemed to be a "journalist"
or part of the media, and therefore she was not entitled to the
protection of the state's shield law in the defamation suit.

     After that lawsuit, Randazza, his wife Jennifer Randazza,
and their (then) three-year old daughter, brought suit through
their attorney, Ronald D. Green (a defendant in this action)
against Cox alleging that she registered no less than 32 internet
domain names that incorporated all or part of the plaintiffs'
names, in an effort to extort and harass them and capitalize upon

and damage the goodwill that Randazza has in his name.[5]  <u>See</u> <u>Randazza, et al. v. Cox, et al.</u>, 2:12-cv-02040-GMN-PAL (D. Nev (Las Vegas))(filed Nov. 28, 2012).  The case was assigned to Judge Gloria M. Navarro, also a named defendant in this action.

Specifically, the Randazzos alleged that Cox acted in a manner similar to that alleged by OFG and Paddick, arguing that Cox had a bizarre pattern of online harassment, by identifying her victims, registering (through herself or under proxy) multiple domain names using their full names, and accusing them of various wrongdoings.  They claimed that Cox informed her victims that she would not cease her false attacks unless they agreed to purchase her fee-based "reputation management" service to "clean up" her search engine results.[6]  She also offered to sell a registered domain name to Randazza or another purchase for $5,000,000.00.  They claimed that Cox violated, *inter alia*, the Anti-cybersquatting Consumer Protection Act.  They also claimed she violated individual cyberpiracy protections, committed cyberpiracy, cybersquatting, and civil conspiracy.  Cox has

---

[5]     Randazza is the managing partner of Marc J. Randazza PA, d/b/a RLG.  He provides legal commentary for various media organizations.

[6]     In the body of the complaint, Cox attaches an e-mail from her to defendant David Aman (Padrick's attorney)(also a named defendant in this action), dated January 19, 2011 indicating to him and OFG that she is "offering PR Services and Search Engine Management Services starting at $2500 a month to promote Law Firms...Finance Companies.. And to promote online reputations and promote businesses."  Compl. at 24.

defended the action claiming violations of her First Amendment rights as media.

Of significance here is the fact that, in that Nevada action, Cox filed a counter-complaint against many of the defendants named in this action, alleging criminal and civil conspiracy, defamation, harassment, violations of anti-trust, fair trade violations, violation of her constitutional rights, abuse of process, tortious interference with her prospective business advantage, and other causes of action.  Among many other named defendants-in-counterclaim, the following defendants are also named in this action: Jordan Rushie; Mulvihill and Rushie LLC; Roxanne Grinage; Randazza Legal Group; Marc J. Randazza; Greenberg Traurig; Proskauer Rose; Peter L. Michaelson; Kashmir Hill; World Intellectual Property Organization; Francis Gurry; Eric Wilbers; Tracy L. Coenen; David Carr; New York Times; Kevin D. Padrick; David S. Aman; Steven Wilker; Tonkin Torp Law Firm; New York Public Radio; Jason M. Jones; Judge Gloria Navarro; Gregg Mashberg; Joseph Lecesse; Jenifer DeWolf Paine; Bob Parsons Godaddy; Goddaddy Inc.; Jessica Griffin; Ronald D. Green;  Mark Bennett; Bennett and Bennet Law Firm; Scott H. Greenfield; Eric Turkewitz; Turkewitz Law Firm; Sean Boushie; Dylan Energy; Steve Dowling; Bruce Sewell; and Douglas Chey.

On January 11, 2013, Judge Navarro issued a preliminary injunction and directed, among other things, that Cox and others

were temporarily enjoined and restrained from registering or trafficking in any domain name containing the Randazzas' names or confusing similar variations thereof.  Cox was also prohibited from operating or maintaining any website that included the Randazzas' names.  Further, she was ordered to immediately cease and desist any and all use of the Randazzas' names, including the use of the domain names, and to take all necessary actions to transfer the domain names to the plaintiffs.  Thereafter, on February 22, 2013, Judge Navarro struck Cox's counter-complaint, stating that she could only file her counter complaint as a separate lawsuit.  This action remains pending.

The instant action apparently arises out of the circumstances surrounding both the OFG lawsuit and the Randazza lawsuit.  Here, Cox alleges that Randazza was her attorney, and that he committed legal malpractice and other torts by knowingly lying to judges, media, and others regarding a trademark with respect to RLG.  She claims the defendants "took massive online media and intellection [sic] property from [her]."  Compl. at 10. Included in her allegations are claims for loss of domain names and business, destruction of online content, and deleted websites.[7]

_____

[7]    In connection with these claims, it appears that Cox has iterated claims already made in the District of Arizona, based on her statement in the body of the complaint, to the effect that: "The District of Arizona should take serious interest in this matter..."  Id.

Next, she claims Randazza conspired with other defendants in connection with the OFG case to sabotage her appeal in the Ninth Circuit, and to defame her.[8]  Without reiterating each of Cox's allegations against the multitude of defendants (which is virtually impossible to organize and discern in any meaningful way), suffice it to say that generally, she claims the various media defendants conspired to defame her by publishing false and defamatory statements that Cox was guilty of extortion and attacking a three-year old, and that she acted in an unethical and criminal manner.  She also contends that Judge Navarro's grant of preliminary injunctive relief to the Randazzos caused a backlash of defamation, harassment, retaliation, loss of reputation, clients, and friends and family, and that Kevin Padrick sent a false e-mail in order to put her in a false light to entrap her for extortion.  In short, she challenges actions in connection with the <u>OFG</u> lawsuit and the <u>Randazza</u> lawsuit, and the aftermath from those actions.

As relief, Cox seeks $100 million in damages from each of the defendants Forbes, Inc., New York Public Radio, New York Times, Sequence, Inc., Multnomah County Sheriff's Office, and

---

[8]    She claims that Randazza used false and defamatory statements by Forbes and the New York Times (made by its reporters Kashmir Hill and David Carr), as well as statements made by Attorney Jordan Rushie, as proof in his federal court case that Cox had acted in bad fath, had extorted him, and attacked his child.

1-50 John and Jane Doe defendants.  She seeks $10 million in damages against each of the remaining defendants.  Finally, she seeks injunctive relief enjoining the defendants from publishing false and defamatory statements about her.

Along with the complaint, Cox filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2), and a Motion to Allow Plaintiff to Submit Documents Electronically (Docket No. 3).

## II.    DISCUSSION

A.    The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Cox's financial disclosures, including her substantial debt, this Court finds that she lacks sufficient funds to pay the $400.00 filing fee for this action. Accordingly, her Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) will be ALLOWED.

B.    Screening of the Complaint

Pursuant to 28 U.S.C. § 1915(e)(2), a district court has authority to review the merits of a plaintiff's complaint prior to the issuance of summonses whenever a plaintiff seeks to proceed without prepayment of filing fees.  Section 1915 authorizes a federal court to dismiss an *in forma pauperis* action if it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claims are based on an indisputably meritless legal

10

theory or if the factual allegations are clearly baseless.

Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  Further, a

complaint may also be dismissed if it is frivolous or malicious,

fails to state a claim on which relief may be granted, or seeks

monetary relief against a defendant who is immune from such

relief.  28 U.S.C. § 1915(e)(2).[9]

    For purposes of preliminary screening, Cox's complaint is

construed liberally because she is proceeding *pro se*. See Hughes

v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519,

520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept.

of Education, 209 F.3d 18, 23 (1st Cir. 2000).  Nevertheless,

even under a liberal construction, this action must be dismissed

for the reasons discussed below.

_____

    [9]    Moreover, a district court has inherent authority to
screen and dismiss a frivolous or malicious complaint *sua sponte*.
See Mallard v. United States District Court, 490 U.S. 296, 307-08
(1989)(courts have authority to dismiss a frivolous or malicious
lawsuits even in absence of any specific statutory provision);
Bustos v. Chamberlain, 2009 WL 2782238, *2 (D.S.C. 2009)(noting
that the court has inherent authority "to ensure a plaintiff has
standing, that subject matter jurisdiction exists, and that a
case is not frivolous") *citing*, *inter alia*, Mallard, 490 U.S. at
307-308; Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995)(where a
§ 1915 screening was not applicable because a pro se party paid
the filing fee, the Court still had inherent authority "wholly
aside from any statutory warrant" to act *sua sponte*); and Rolle
v. Berkowitz, 2004 WL 287678, *1 (S.D.N.Y. 2004)(*sua sponte*
dismissal in fee-paying *pro se* case is warranted where the claims
presented no arguably meritorious issue to consider).  A court
may also dismiss a complaint on its own motion for failure to
state a claim upon which relief may be granted.  *See Gaffney v.
State Farm Fire and Cas. Co.*, 294 Fed. Appx. 975, 977 (5th Cir.
2008) (unpublished decision).

C.   Improper Venue

Given the litigation history discussed above, it is crystal clear that the District of Massachusetts is not the proper forum to address Cox's claims.  Because the defense of improper venue is "obvious from the face of the complaint and no further factual record is required to be developed," this action will be dismissed.  See Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006).

Under 28 U.S.C. § 1404(a), a district court may transfer the action to any other district or division where it might have been brought.  28 U.S.C. § 1404(a).  Because Cox has many lawsuits pending in other districts (e.g., Nevada, California, Arizona, Wisconsin, and Illinois), this Court declines to transfer this action to any particular court.

D.   Declination to Appoint Counsel

Under 28 U.S.C. § 1915, a "court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).[10]  In view of the dismissal of this action for

---

[10]The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under § 1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (per curiam); see Bemis v. Kelley, 857 F.2d 14, 16 (1st Cir. 1988). Ultimately, to be eligible for this assistance under 28 U.S.C. § 1915, Cox "must demonstrate that she [is] indigent and that

improper venue, appointment of *pro bono* counsel cannot be
justified.

    Accordingly, this Court will <u>DENY</u> Cox's request to appoint
*pro bono* counsel (contained in her complaint).

E.   <u>The Motion to Submit Documents Electronically</u>

    Cox seeks permission to electronically file in this case.
She claims to be familiar with this process.  Presumably, this
would permit faster filing/docketing and would reduce the need to
serve paper documents to 100+ defendants.  Nevertheless, in light
of the dismissal of this action, there is no good basis for
granting her access to CM/ECF or PACER.  Accordingly, this Court
will <u>DENY</u> her Motion to Submit Documents Electronically (Docket
No. 3).

F.   <u>Certification That Any Appeal Would Not Be Taken
In Good Faith</u>

    Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P.
24(a)(3), the Court finds, and will <u>CERTIFY</u>, that, based on Cox's
litigation history as set forth herein and the finding of
improper venue, that any appeal by Cox of the matters contained
in this Memorandum and Order would not be taken in good faith.
Such a certification prohibits *in forma pauperis* status on appeal
even though Cox has been found to be indigent, unless permission

---

exceptional circumstances [are] present such that a denial of
counsel [is] likely to result in fundamental unfairness impinging
on his due process rights." <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23
(1st Cir. 1991).

is obtained from the appellate court.

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Id.  Similarly, under Fed. R. App. P. 24(a)(3), a party who has been permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization, <u>unless</u> the district court certifies that the appeal is not taken in good faith.  Id. (emphasis added).

For the reasons stated herein, this Court finds that any appeal of the rulings contained in this Memorandum and Order would not deserve additional judicial attention.

Should Cox seek to appeal the dismissal of this action, she must pay the appellate filing fee or she must seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the First Circuit.

A copy of this Memorandum and Order shall be transmitted to the First Circuit's Clerk's Office.

### III.  Conclusion

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>;

2. Plaintiff's Motion to Submit Documents Electronically (Docket No. 3) is <u>DENIED</u>;

3. Plaintiff's request for appointment of *pro bono* counsel (contained in the body of her complaint) is <u>DENIED</u>;

4. This action is <u>DISMISSED</u> in its entirety *sua sponte* for

14

improper venue; and

5.    This Court hereby __CERTIFIES__ that any appeal of the rulings
      contained in this Memorandum and Order would not be taken in
      good faith.


SO ORDERED.

                                    /s/ Patti B. Saris
                                    PATTI B. SARIS
                                    CHIEF, U.S. DISTRICT JUDGE